**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEATHER LOGUE, *et al.*, | Case No. 19-cv-189-BAS-NLS |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES** |
| v. | **[ECF No. 7]** |
| CURTIS MANAGEMENT COMPANY, INC., *et al.*, | |
| Defendants. | |

Presently before the Court is Defendants Curtis Management Company, Inc. and The Bluffs of Fox Run Homeowners Association's Motion to Dismiss Punitive Damages. ("Mot.," ECF No. 7.) Plaintiffs Heather Logue, minors L.L., E.L., A.L, Ronald Greathouse and Lorraine Greathouse filed an opposition to the Motion, ("Opp'n," ECF No. 9), and Defendants filed a reply in support of the Motion, ("Reply," ECF No. 10). The Court finds this Motion suitable for determination on the papers and without oral argument. Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendants' Motion.

## I.    BACKGROUND

Plaintiffs Ronald and Lorraine Greathouse live with their two minor children in a complex located on Old Bridgeport Way. Plaintiff Heather Logue lives in the

same complex with her three children, minors L.L., E.L., and A.L. ("Compl.," ECF No. 1, at ¶¶ 13–14.) The complex is referred to herein as the "Subject Property." Plaintiffs allege Defendants Curtis Management Company Inc. and The Bluffs of Fox Run Homeowners Association manage and supervise the operation of the Subject Property. (*Id.* ¶ 6.) Defendants enforce certain rules at the Subject Property, for example:

- "It is the responsibility of each owner/resident using the pool or spa to ensure that persons fourteen (14) years of age or under using the pool and/or spa are under direct supervision at all times by a designated, responsible adult 18 years or older."

- "Parents or guardians are responsible for controlling loud play and/or screaming by their children and if noise is excessive, they will be asked to leave the pool area."

- "Ball games shall be restricted to the open lawn area adjacent to the swimming pool facility" and are not allowed on "common area sidewalks."

- "The use of wheeled recreational devices of any kind are not permitted in the common area driveways, parking areas, sidewalks, pool concrete area, and garage roadway."

(*Id.* ¶ 15.) Plaintiffs have received violation letters from Defendants because Plaintiffs' children rode scooters on the sidewalk of the common areas of the Subject Property. (*Id.* ¶ 16.) Plaintiffs have also been threatened with fines for various violations, and several homeowners on the Bluffs board of directors have told Plaintiffs that they and their children are violating the rules. (*Id.* ¶¶ 16, 19, 20.) Plaintiffs allege Defendants' housing practices discriminate on the basis of familial status. (*Id.* ¶ 1.)

Plaintiffs bring claims for: violation of the Fair Housing Act; violation of California's Fair Employment and Housing Act; violation of California's Unruh Civil Rights Act; Unfair Business Practices; and Negligence. Plaintiffs pray for

1 various types of damages, including punitive damages.  Defendants move to dismiss

2 the request for punitive damages under Federal Rule of Civil Procedure 12(b)(6).

3 II.    ANALYSIS

4      A.    <u>**Whether the Present Motion is Proper**</u>

5      Plaintiffs first argue the present Motion is an improper means to challenge

6 their prayer for relief.

7      In support of their request, Defendants rely heavily on the prior case *Chapman*

8 *v. Bluffs of Fox Run Homeowners Association*, 16-cv-489-BAS (AGS), which was

9 brought by different plaintiffs making similar discrimination claims against the same

10 Defendant, the Bluffs.[1]  The *Chapman* plaintiffs also included a prayer for punitive

11 damages, and the Bluffs moved to strike the punitive damages allegations under

12 Federal Rule of Civil Procedure 12(f).  *Chapman v. Bluffs of Fox Run Homeowners*

13 *Ass'n*, 16-cv-489-BAS (AGS), 2016 WL 7188279 (S.D. Cal. Dec. 12, 2016).  The

14 Court construed the Bluffs' motion as a motion to dismiss under Rule 12(b)(6).  *Id.*

15 at *3.  The Court found the plaintiffs did not allege any facts to support their

16 conclusory claim for punitive damages and dismissed without prejudice the punitive

17 damages allegations.  *Id.* at *3–4.

18      Here, Defendants move to dismiss the punitive damages allegations for

19 Plaintiffs' federal and state-law claims.  Plaintiffs respond by arguing Rule 12(b)(6)

20 is not a basis for dismissal of punitive damages, as damages are not a "claim" that

21 may be dismissed.  (Opp'n 2.)  *See Oppenheimer v. Southwest Airlines Co.*, No. 13-

22 cv-260-IEG (BGS), 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013).

23      But Defendants distinguish *Oppenheimer*, arguing they are not challenging

24 "simply the prayer for punitive damages, but rather the sufficiency of the allegations

25

26 _____

27 [1] Defendants request the Court take judicial notice of the order on the Bluffs' motion to dismiss. (ECF No. 7-1.)  The Court takes judicial notice of the existence of the prior order, "but not the truth

28 of the facts cited therein."  *See Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

supporting Plaintiffs' request for punitive damages." (Reply 3.)  The distinction between a motion to strike punitive damages under Rule 12(f) and a motion to dismiss the allegations under Rule 12(b)(6) turns on the rationale used by Defendants to justify the motion.  Motions to strike "are commonly used to 'strike a prayer for relief where the damages sought are not recoverable as a matter of law.'" *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC* No. 07-cv-912-IEG (BLM), 2007 WL 2206946, at \*7 (S.D. Cal. July 27, 2007) (quoting *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001)).  On the other hand, if the defendants are challenging the sufficiency of the allegations supporting punitive damages, then the proper means for challenging is a Rule 12(b)(6) motion.  *Mat-Van, Inc.*, 2007 WL 2206946, at \*7 n.11; *see also e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1147 (N.D. Cal. 2018) (holding the defendant properly moved under Rule 12(b)(6) in moving to dismiss the plaintiff's prayer for punitive damages).

Defendants state they are challenging the sufficiency of Plaintiffs' allegations regarding punitive damages and thus the Rule 12(b)(6) motion is proper.  (Reply 3.) The Court agrees.  As analyzed below, it is undisputed that punitive damages are available under at least some of the laws that Plaintiffs allege Defendants have violated.  Thus, Defendants are not arguing that punitive damages are unavailable as a matter of law.  The Court therefore will analyze the sufficiency of Plaintiffs' allegations under Rule 12(b)(6).

### B. Legal Standard

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### C.    Whether Plaintiff's Allegations are Sufficient

#### 1.    Fair Housing Act

Plaintiffs' first cause of action is brought under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*  (Compl. ¶ 32.)  The FHA allows for punitive damages "if the court finds that a discriminatory housing practice has occurred."  42 U.S.C. § 3613(c)(1).   Plaintiffs argue they have pled a violation of the FHA under sections 3604(b) and 3604(c).  (Opp'n 7–10.)  Section 3604(b) provides it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status."  42 U.S.C. § 3604(b).  Section 3604(c) provides it is unlawful to print or publish any notice, "with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . familial status."  42 U.S.C. § 3604(c).

Under federal law, punitive damages may be awarded for a defendant's "reckless or callous disregard" of a plaintiff's federally protected rights. *Smith v. Wade*, 461 U.S. 30, 51 (1983). A finding of reckless indifference "ultimately

– 5 –

focus[es] on the actor's state of mind," and requires that the defendant "at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). Courts have applied this standard to awards of punitive damages under the FHA. *See So. Cal. Hous. Rights Ctr. v. Krug*, 564 F. Supp. 2d 1138, 1153 (C.D. Cal. 2007); *United States v. Tropic Seas*, 887 F. Supp. 1347, 1365 (D. Haw. 1995). An owner of housing may be liable for punitive damages if he or she "knew of or ratified" a discriminatory act by the owner's agents or the corporation. *Tropic Seas*, 887 F. Supp. at 1365. "[I]n general, intentional discrimination is enough to establish punitive damages liability." *Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1159–60 (C.D. Cal. 2001).

Here, Plaintiffs plead Defendants "intentionally and recklessly violated Plaintiffs' federally protected rights" and thus Plaintiffs are entitled to punitive damages. (Compl. ¶ 28.) As the Court found previously, this is a conclusory allegation. *See Chapman*, 2016 WL 7188279, at *4. Like in *Chapman*, Plaintiffs include no allegations behind their "legal conclusions and a formulaic recitation of the 'intentional and reckless' standard for punitive damages." *Id.* at *3. Defendants' involvement in the *Chapman* litigation may show that they allegedly acted "in the face of a perceived risk" that their housing practices violate Plaintiffs' federal rights. *Kolstad*, 527 U.S. at 535. But Plaintiffs do not plead such an allegation. The bare conclusory assertion that Defendants acted "intentionally and recklessly" is insufficient. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss the punitive damages allegations under the FHA.

### 2. Fair Employment and Housing Act ("FEHA")

Punitive damages are also available under the California's Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov't Code § 12989.2. Defendants move to dismiss Plaintiffs' prayer for punitive damages under this cause of action as well. Plaintiffs do not specifically allege they request punitive damages under state law.

*See* Compl. ¶ 28 (alleging Plaintiffs are entitled to punitive damages "under federal law"); *id.* at Prayer (praying for punitive damages generally without specification as to the cause of action). Because Plaintiffs do not allege they request punitive damages under California law and have no factual allegations why such damages are appropriate, the Court **GRANTS** Defendant's Motion to Dismiss the punitive damages allegations under FEHA.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. (ECF No. 7.) Because Plaintiffs may be able to allege additional facts that will show they are entitled to punitive damages under the standards articulated above, they are given leave to amend. The scope of leave to file an amended complaint is limited to amending *only* as to punitive damages to allege additional facts that cure the defects identified in this order. Plaintiffs may not plead additional claims, add additional parties, or add allegations that are not intended to cure the specific defects the Court has noted. Should any amended complaint exceed the scope of leave to amend granted by this order, the court will strike the offending portions under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may [act on its own to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

If Plaintiffs choose to file an amended complaint, they must do so no later than June 14, 2019.

**IT IS SO ORDERED.**

**DATED: May 24, 2019**

Hon. Cynthia Bashant
United States District Judge

– 7 –