UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER LOGUE; L.L; E.L.; A.L.; RONALD GREATHOUSE; LORRAINE GREATHOUSE,<br><br>Plaintiffs,<br><br>v.<br><br>CURTIS MANAGEMEMT COMPANY, INC.;<br>THE BLUFFS OF FOX RUN HOMEOWNERS ASSOCIATION,<br><br>Defendants. | Case No.: 19cv189-BAS-AGS<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFFS' MOTION TO CONFIRM MINORS' COMPROMISE**<br><br>**[ECF No. 30]** |

This Report and Recommendation is submitted to United States District Judge Cynthia A. Bashant pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 17.1 of the United States District Court for the Southern District of California.

Currently pending before the Court is Plaintiffs' motion to confirm minors' compromise. ECF No. 30-1 ("Mot."). Plaintiffs request that the Court approve the proposed settlement entered on behalf of A.L., E.L., and L.L. (collectively "Minor Plaintiffs"). Id. at 3. Minor Plaintiffs are represented by Plaintiff Heather Logue, their guardian ad litem. For

the reasons set forth below, the Court **RECOMMENDS** that Plaintiffs' motion be **GRANTED**.

## I. BACKGROUND

On January 28, 2019, Minor Plaintiffs, along with Plaintiffs Ms. Logue, Ronald Greathouse, and Lorraine Greathouse, filed a complaint against Defendants Curtis Management Company, Inc. and The Bluffs of Fox Run Homeowners Association (collectively "Defendants") alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, and related federal and state laws. ECF No. See ECF No. 1. Plaintiffs alleged that Defendants enforced rules at its condominium complex that targeted children and discriminated against families with children by preventing children from playing outside in the common areas. Id. at 2-4.

On May 24, 2019, the district judge issued an order granting Defendants' motion to dismiss punitive damages with leave to amend. ECF No. 18.

On June 14, 2019, Plaintiffs filed a First Amended Complaint ("FAC") against the same Defendants and alleging the same claims as the original complaint. See ECF No. 20.

On September 12, 2019, the parties settled the case. Mot. at 3; ECF No. 29. Pursuant to the proposed settlement, each Minor Plaintiff will receive $2500 for his or her compromise. Mot. at 3.

On November 14, 2019, the Honorable Andrew G. Schopler requested a magistrate judge be randomly assigned to handle the motion to confirm minors' compromise and the undersigned magistrate judge was subsequently assigned. ECF No. 34.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Fed. R. Civ. P. 17(c); CivLR 17.1.a.; see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011). Rule 17(c) states that a district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). With respect to proposed settlements in lawsuits involving minor

plaintiffs, this special duty requires district courts to "conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor." Robidoux v. Rosengren, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)). The district court considers "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases . . . without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel . . . ." Robidoux v. Rosengren, 638 F.3d at 1182.

### III. DISCUSSION

The proposed settlement provides that Minor Plaintiffs will receive $2500 each. Mot. at 3. Plaintiffs' counsel states that attorney's fees and costs shall not be deducted from the amount paid to the three minor plaintiffs. Id.; ECF No. 30-3, Declaration of Douglas F. Fagan ("Fagan Decl."), ¶ 1. Plaintiff Ms. Logue, guardian ad litem and mother to Minor Plaintiffs, requests that the settlement proceeds to Minor Plaintiffs be deposited into an interest-bearing, federally insured blocked account with a federally insured bank or credit union, from which no withdrawals shall be made without a court order until Minor Plaintiffs reach the age of majority. ECF No. 30-2, Declaration of Heather Logue ("Logue Decl."), ¶ 5. The parties did not include the other terms of the settlement, including any payment to the non-minor Plaintiffs or attorney's fees. See Mot.

Plaintiff Ms. Logue contends that the proposed settlement to Minor Plaintiffs is reasonable in light of the facts and in comparison with other settlements. Mot. at 6. She also states that Minor Plaintiffs did not require any medical treatment or psychiatric treatment, and that she did her best to shield them from the alleged discriminatory treatment. Logue Decl., ¶¶ 3-4. Ms. Logue states that when she noticed that Defendants came outside to glare at Minor Plaintiffs as they played outside, she "would calmly take her children back inside their home." Mot. at 5; Logue Decl., ¶ 3.

Having considered the facts of the case and settlement amounts approved in similar cases, the Court finds the proposed settlement to Minor Plaintiffs is fair and reasonable.

The proposed settlement allows for the certainty of recovery for Minor Plaintiffs, as opposed to the uncertainty associated with litigation. Also, the potential recovery in this case was limited as Minor Plaintiffs were not physically or emotionally injured. Finally, the proposed settlement falls within the range of settlement amounts approved for similar claims in factually similar cases. See Kirkland v. Brighton Place, L.P., No. 18CV1878-MMA (BLM), 2019 WL 2059663, at *2 (S.D. Cal. May 9, 2019) (approving settlement amount of $3000 per minor child allegedly prevented from playing in the common areas of an apartment complex); Guerra v. Madera Mgmt. Co., No. 1:11-CV-01488-LJO, 2012 WL 4091994, at *3 (E.D. Cal. Sept. 17, 2012), report and recommendation adopted, No. 1:11-CV-01488-LJO, 2012 WL 4833804 (E.D. Cal. Oct. 10, 2012) (finding settlement amount of $2500 per minor child allegedly prevented from playing outside in the common areas of an apartment complex to be fair and reasonable); Bor v. PPC WSSC LLC, No. 11-CV-03430-LHK, 2012 WL 1438779, at *3 (N.D. Cal. Apr. 25, 2012) (approving compromise amounts of $6500, $2500, and $1000 to minor children allegedly prohibited from playing in the common areas of an apartment complex); Angstman v. Carlsbad Seapoint Resort II, L.P., No. 11CV62 L(WMC), 2011 WL 13356101, at *2 (S.D. Cal. Aug. 30, 2011) (finding settlement amount of $750 per minor child allegedly subjected to similar discriminatory rules at a vacation resort to be fair and reasonable); Gonzalez v. Diversified Real Prop. Mgmt. & Bus. Servs., Inc., No. SA CV 09-718 PA RNBX, 2010 WL 10105756, at *1-3 (C.D. Cal. Mar. 29, 2010) (approving settlement amount of $2500 per minor child allegedly prohibited from playing in the common areas of a condominium complex). Accordingly, the Court finds that a net payment of $2500 to each of the three Minor Plaintiffs is a reasonable settlement.

### IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** the following:

1. Plaintiffs' motion to confirm minors' compromise be **GRANTED**. The Minor Plaintiffs shall receive the following:

///

a. $2500 to L.L.
         b. $2500 to E.L.
         c. $2500 to A.L.
    2. Within seventy-two hours of receipt of the settlement for Minor Plaintiffs, Heather Logue, as guardian ad litem and mother for Minor Plaintiffs, shall deposit the check for the minor children into interest-bearing, federally insured blocked accounts with a federally insured bank or credit union. The blocked accounts are to be opened solely for the benefit of each Minor Plaintiff in this case and such funds placed therein cannot be accessed by anybody other than the respective Minor Plaintiffs upon reaching the age of eighteen. Plaintiff/Guardian Logue shall have no right to access any of the funds in such blocked accounts for any reason.
    3. Plaintiff/Guardian Logue shall provide a copy of this order to the depository at the time of the deposit.
    4. No withdrawals of principal or interest may be made from the blocked accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the respective minors attain the age of eighteen years. When the respective minor attains the age of eighteen years, the depository, without further order of this Court, is authorized and directed to pay directly to the former minors, upon proper demand, all moneys including interest deposited under this order.

**IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **December 11, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **December 26, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise

those objections on appeal of the Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  November 26, 2019

_____
Honorable Linda Lopez
United States Magistrate Judge